

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD–1065–07

### BETH SUZANNE LANDERS, Appellant

### v.

### THE STATE OF TEXAS

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SIXTH COURT OF APPEALS
### LAMAR COUNTY

**MEYERS, J., filed a dissenting opinion in which HOLCOMB, J., joined.**

### OPINION

Even if the prosecution of the Appellant by her former attorney may not constitute

a due-process claim, this was clearly a violation of her Fifth Amendment rights. The

Fifth Amendment to the United States Constitution states that no person "shall be

compelled in any criminal case to be a witness against himself." Because this situation

made it necessary for Appellant to testify at the disqualification hearing as to what her

former attorney knew about her, she was forced to give up her Fifth Amendment right not

to testify in order to attempt to prevent this obvious breach of ethics. There is no question that the district attorney had a former attorney-client relationship with this defendant and no question that he had privileged information about the former crime, which was an offense substantially similar to the current case and was used to increase the sentence in this case. This attorney had firsthand knowledge of details of the former offense and personal information about Appellant and her history. Such firsthand knowledge has a quality that is not shared by information read in a newspaper article, police or hospital report. Although no specific privileged information could be determined to have been directly used against the defendant, the Lamar County District Attorney should have taken measures to avoid the appearance of injustice.

The fact that there is no written rule or policy stating that an attorney may not prosecute someone that he previously defended does not mean that this was not a breach of ethics. While I acknowledge our determination in *State ex rel. Hill v. Pirtle,* 887 S.W. 2d 921 (Tex. Crim. App. 1994), that a trial court can disqualify a district attorney only when the conflict of interest rises to the level of a due-process violation, a district attorney should have enough integrity to take it upon himself to remedy such a situation long before it reaches the point of disqualification by the trial court. Because this district attorney did not take such measures, Appellant was forced to give up her constitutional rights and testify at the hearing to have him disqualified from prosecuting her case. Under Rule of Appellate Procedure 44.2(a), such a constitutional error is presumed to be

harmful unless it is determined beyond a reasonable doubt that the error did not contribute to the conviction or punishment. I would find that this violation of Appellant's Fifth Amendment right was harmful, and I therefore respectfully dissent.


Meyers, J.


Filed: June 18, 2008

Publish